903 A.2d 1170

**PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY, Appellees**

v.

**Ronald R. SARTNO, Michele Hebal, Ronald Hebal, Noelle Hebal,
Frank Vito d/b/a Frankie's Pizzeria and Restaurant, Frank
Vito and Debbie Vito d/b/a Frankie's Pizzeria Restaurant, and
Frankie's Pizzeria and Restaurant, Appellants.**

Supreme Court of Pennsylvania.

Argued May 10, 2006.

Decided Aug. 21, 2006.

George R. Hludzik, Hazleton, for Ronald R. Sartno.

John M. Gallagher, Hazleton, for Michele Hebal, et al.

Stephen A. Seach, Angel Mae Theresa Webby, for Frank Vito, et al.

Karl Robert Hildabrand, Hershey, for Prudential Property and Casualty Ins. Co.

BEFORE: CAPPY, C.J., CASTILLE, NEWMAN, · SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice NEWMAN.

Appellants appeal the decision of a divided panel of the Superior Court in *Prudential Property and Casualty Insurance Co. v. Sartno,* 874 A.2d 85 (Pa.Super.2005), that applied a "Cars for Hire" exclusionary provision in an insurance policy

to bar liability coverage for injuries arising from an accident occurring when the insured used his private vehicle to deliver pizza during the course of his employment. For the reasons that follow, we reverse the Order of the Superior Court and hold that the use of the insured's private vehicle to deliver pizza did not render his automobile a "car for hire" and did not trigger the exclusionary clause of his policy.

## FACTS AND PROCEDURAL HISTORY

Robert Sartno (Sartno) worked part-time for Frankie's Pizzeria and Restaurant (Pizzeria), which was owned by Frank and Debbie Vito. He worked on weekdays from 10 a.m. to 2 p.m., and his duties included cleaning the restaurant, preparing food, and delivering pizza. He was paid six dollars an hour, regardless of the duties he performed, and he was permitted to keep any tips he received when making the deliveries. The Pizzeria advertised free delivery and did not impose a delivery charge.

On February 13, 1998, Sartno left the Pizzeria to deliver pizzas. After putting the pizzas in his personal automobile, he put the car in reverse, looked in the rearview mirror, and did not see Michele Hebal (Michele), carrying her infant daughter, Noelle, while crossing behind his car. The car rolled backward, hitting Michele on her hip.

Sartno insured his vehicle through a policy with Appellee Prudential Property and Casualty Insurance Company (Prudential). The insurance policy contained a "cars for hire" exclusionary provision that stated:

**Cars for Hire:**
**We will not pay for bodily injury or property damage caused by anyone using a car covered under this part to carry people or property for a fee.**
This does include a car pool.[1]
But you and a resident relative are covered if either of you cause [sic] an accident while a passenger in a non-owned car for hire.

1. The Superior Court Opinion stated that this sentence read as follows: "This does not include a car pool." *Sartno,* 874 A.2d at 88. The Brief

*Prudential Prop. and Cas. Ins. Co. v. Sartno*, No. 3558–C of 2003 (C.P. Luzerne County, July 30, 2004) (hereinafter, "Trial Court Opinion") at 5 (emphasis added and spacing modified). Prudential did not define the word "fee" in its policy.

On, December 17, 2002, Michele and her husband, Ronald Hebal, individually and as parents of Noelle, filed a Complaint against Sartno and the Pizzeria, alleging negligence.

On June 12, 2003, Prudential filed a Declaratory Judgment Action seeking to preclude liability coverage for the accident and a duty to defend Sartno in the civil action, alleging that the "Cars for Hire" policy exclusion applied where the car was used to carry property for a fee. Prudential listed the Pizzeria, Sartno, and the Hebals (collectively, "Appellants") as defendants.

Following discovery, Prudential and Appellants filed Cross–Motions for Summary Judgment.[2] After the submission of briefs and oral argument, the Court of Common Pleas of Luzerne County (trial court) entered an Order denying Prudential's Motion and granting the Motion of Appellants.

On July 30, 2004, the trial court issued its Opinion and held that there was no genuine issue of material fact warranting a jury trial. The court found the arguments of Appellants "persuasive" inasmuch as the exclusionary clause "on its face **does not** preclude coverage where the insured is using his car to carry people or property, **not** for a fee." *Id.* Trial Court Opinion at 5 (emphasis in original). Referring to the six criteria that the Superior Court cited in *Aetna Casualty & Surety Co. v. Davis*, 418 Pa.Super. 284, 614 A.2d 273, 278–79 (1992),[3] the court in the instant matter resolved the dispute in favor of Appellants.

of Appellants cited the sentence as follows: "This does not include a car pool." Brief of Appellants at 13. As there is no issue in this case related to a car pool, this discrepancy is irrelevant.

2. Sartno, with minor exceptions, adopted the position of the Pizzeria and the Hebals.

3. The factors that the Superior Court cited in *Davis* were: (1) the circumstances surrounding the transaction; (2) whether a violation of

The trial court noted that there was "no relation of any amount of money to that of the actual cost of carrying (pizza)" and that tips "could hardly be viewed as payment for either the pizza, or an amount of monies that would pass-thru [sic] to [the Pizzeria]." Trial Court Opinion at 6–7. Further, the delivery was advertised as "free," and Sartno earned six dollars an hour regardless of whether he was sweeping the floor or delivering pizza. Additionally, Sartno did not habitually use his personal vehicle to make pizza deliveries.

Accordingly, the trial court denied Prudential's Motion for Summary Judgment, granted Appellants' Cross Motions for Summary Judgment, entered judgment in favor of Appellants, and issued a declaratory judgment providing that Prudential "has a legal obligation to enter a defense for [Sartno] and/or provide him insurance coverage under" the policy it issued to him. Trial Court Order of June 23, 2004.

Prudential appealed to the Superior Court, which, in a two-to-one panel decision, reversed and held that "the exclusion is unambiguous under the facts ... and operates to exclude coverage for [Sartno's] use of his car as an employee who was paid wages and tips to deliver pizzas." *Prudential Prop. & Cas. Ins. Co. v. Sartno*, 874 A.2d 85, 87 (Pa.Super.2005). The court accepted the argument of Prudential that it was not obligated to provide coverage to Sartno because the "accident occurred while he was delivering property (the pizzas) for a fee (wages and tips)." *Id.* at 88. At the same time, the court rejected the position of Sartno that the exclusion was ambiguous because it was subject to more than one reasonable interpretation.

The Superior Court noted that the dispute revolved around the definition of the word "fee," and cited the definition in *Black's Law Dictionary* 647 (8th ed.2004), of that word as "[a] charge for labor or services, esp. professional services." *Sart-*

the exclusion is an occasional or isolated incident or habitual; (3) the relationship between the parties; (4) the existence or lack of common interest; (5) the pleasure or benefit in making the journey; and (6) the relation of the amount of money to the actual cost of carrying. *Davis*, 614 A.2d at 278–79.

*no*, 874 A.2d at 88. The court rejected the argument of Appellants that because the Pizzeria did not charge customers a "fee" for delivery, Sartno was not carrying property for a fee. *Id.*

The Superior Court specifically declined to follow the reasoning of the Ohio Supreme Court in *United States Fidelity & Guaranty Co. v. Lightning Rod Mutual Insurance Co.*, 80 Ohio St.3d 584, 687 N.E.2d 717 (1997), where an automobile insurance policy contained a similar clause excluding coverage for the operation of a vehicle carrying property for a fee. In that case, the Ohio Supreme Court held that a delivery driver who worked for an hourly wage and did not receive a fee for each delivery was not subject to the exclusion when he was involved in an accident in his personal car while delivering a pizza. The Ohio Supreme Court noted that the exclusion could be interpreted in one of two ways: (1) the exclusion applied where there was any kind of payment to the insured; or (2) the exclusion was applicable only when a fee was paid specifically for the act of transporting the property. Based on those two possibilities, the court in *Lightning Rod* deemed the exclusionary clause ambiguous and interpreted it in favor of the insured.

In the matter *sub judice*, the Superior Court determined that "[t]he focus of our inquiry should not be on what a customer paid for the pizza or what the [Pizzeria] charged or did not charge for the delivery. Rather, our focus should be on the benefit that accrued to [Sartno], who is the insured, for delivering the pizzas." *Sartno*, 874 A.2d at 89. Concluding that the exclusionary clause was unambiguous, the majority held that it excluded coverage in "those situations in which an insured is using his or her automobile in a **commercial environment** to carry persons or property and receives money for doing so." *Id.* at 90 (emphasis added). Finding the exclusion enforceable, the Superior Court held that Prudential was not required to provide coverage to Sartno for the accident.

Judge Johnson wrote a Dissenting Opinion, in which he asserted that the majority "fail[ed] to address the critical

issue: the policy language." *Id.* (Johnson, J., dissenting). Judge Johnson opined that the exclusionary clause was ambiguous and that "the term 'fee' can also be reasonably interpreted to mean simply a delivery charge, which would not encompass the hourly wages [Sartno] received for delivering pizzas, cooking, and cleaning at the [Pizzeria]." *Id.* He stated that the jurisprudence of other jurisdictions supported his analysis, citing, *inter alia, Lightning Rod.* Among the reasonable interpretations that could be applied to the clause was a narrow one taking the view that the policy exclusion barred coverage only if the insured carried goods or people in exchange for a specific transportation or delivery charge. According to the dissent, the caption of the clause, "Cars for Hire," supported this narrower interpretation that "the fee is being given in exchange for **use of the vehicle**" and that "even the heading itself suggests that the parties intended for the exclusion to apply only to paid transportation services." *Id.* at 90, 92 (emphasis in original). Judge Johnson concluded that he would affirm the trial court Order that granted Appellants' Motion for Summary Judgment.

We granted allocatur on December 28, 2005, to address the questions of: (1) whether the Superior Court replaced the plain language of the "Cars for Hire" exclusion with its "commercial environment" interpretation, thereby reaching a decision in a manner not in accord with applicable precedent of this Court; and (2) whether the rationale of the majority conflicted with the prior Superior Court decision in *Brosovic v. Nationwide Mutual Insurance Co.,* 841 A.2d 1071 (Pa.Super.2004).

## DISCUSSION

The facts in this matter are not disputed, and our analysis concerns only the scope of the "Cars for Hire" exclusion in the automobile insurance policy that Prudential issued to Sartno. Simply put, Prudential argues that because Sartno received an hourly wage from the Pizzeria, his vehicle was a "car for hire" subject to exclusion from coverage when he was involved in accident while using the car to deliver a

pizza. Sartno, on the other hand, contends that because the Pizzeria did not charge for delivery, his car was not a "car for hire," and, therefore, the exclusionary clause is inapplicable.

■ For the reasons that follow, we find that the exclusionary clause is ambiguous and capable of at least two equally reasonable interpretations. "Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement." *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983). "Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Gene & Harvey Builders, Inc. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 512 Pa. 420, 517 A.2d 910, 913 (1986).

Describing the hallmarks of ambiguity in an earlier case, we said that:

> Contractual language is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Hutchison v. Sunbeam Coal Co. [Corp.]*, 513 Pa. 192, 201, 519 A.2d 385, 390 (1986). This is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts.

*Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999). Accordingly, because we find the exclusionary clause ambiguous, we construe it in favor of Sartno and reverse the Order of the Superior Court.

■ The instant matter involves an Order of the Superior Court reversing a trial court Order that granted summary judgment in favor of Appellants. Our scope of review of an order granting summary judgment is plenary, and we will reverse an order of a trial court only where the court committed an error of law or clearly abused its discretion. *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 571 Pa. 580, 812 A.2d 1218, 1221 (2002).

■ The interpretation of an insurance contract regarding the existence or non-existence of coverage is "generally performed by the court." *Minnesota Fire & Cas. Co. v. Greenfield,* 579 Pa. 333, 855 A.2d 854, 861 (2004) (internal quotation marks omitted) (quoting *Gen. Accident Ins. Co. of Am. v. Allen,* 547 Pa. 693, 692 A.2d 1089, 1093 (1997)).

The disputed language is contained in the exclusionary clause, which provides, *inter alia,* that Prudential "will not pay for bodily injury ... caused by anyone using a car [insured by Prudential] **to carry people or property for a fee.**" Trial Court Opinion at 5 (emphasis added). Thus, the question before us is whether or not Sartno carried "property for a fee" when he delivered pizza for free as a paid employee of the Pizzeria.

Prudential argues that because the Pizzeria paid Sartno six dollars an hour for duties that included pizza delivery, Sartno was carrying "property for a fee" when he used his own car to deliver pizza and struck Hebal. Sartno and the Pizzeria contend that he did not carry "property for a fee" because the delivery was free, with no fee or charge imposed for that service.

The majority of the Superior Court panel disagreed with the reasoning of the Ohio Supreme Court in an analogous factual situation. In *United States Fidelity & Guaranty Co. v. Lightning Rod Mutual Insurance Co.,* 80 Ohio St.3d 584, 687 N.E.2d 717 (1997), the insured was a delivery driver for Domino's Pizza who was paid an hourly wage and reimbursed for mileage.[4] The exclusionary clause in *Lightning Rod,* similar to the one *sub judice,* provided that "[w]e do not provide Liability coverage for any person ... [f]or that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee." *Id.* at 718.

In addressing that clause, the Ohio court concluded that the phrase "used to carry persons or property for a fee"

4. No party in the matter before us suggests that Sartno was reimbursed for mileage.

can be read two ways: first, as excluding from coverage use of a vehicle to transport property when there is **any** kind of payment to the insured, and second, as excluding coverage only when a fee is paid **specifically for** the particular act of transporting property. Under the first reading, [the insured driver's] use of her car to deliver pizza would be excluded from coverage because Domino's was paying her an hourly wage. Under the second reading, however, this use would **not** be excluded by the Lightning Rod policy, since neither Domino's nor its customers paid [the insured driver] a fee specifically for delivering the pizza. Under either reading, the policy excludes taxicabs transporting persons specifically for a fee or moving vans transporting property specifically for a fee. Only the first reading, however, excludes [the insured driver's] errands on behalf of her employer.

*Id.* at 719.[5]  Because the language of the clause was "imprecise," *id.*, the Ohio Supreme Court found the intent of the insurer irrelevant, with respect to the commercial activities of the insured driver.

In the instant case, the Superior Court majority disagreed with the reasoning of the *Lightning Rod* court, although it did not address that court's conclusion that the policy could be read in two different ways, and hence was ambiguous. Instead, the Superior Court stated that the focus of its inquiry

---

**5.** Courts in other jurisdictions, as well, have found similar policy provisions to be ambiguous. *See RPM Pizza, Inc. v. Auto. Cas. Ins. Co.,* 601 So.2d 1366, 1368 (La.1992) (holding that "[s]tanding alone, the word 'fee' is capable of being understood in two or more possible senses."); *Progressive Cas. Ins. Co. v. Metcalf,* 501 N.W.2d 690 (Minn. Ct.App.1993) (holding that the pizza delivery person's wages cannot be considered a "fee" for purposes of the exclusionary clause because employee received the same wage whether he was driving his car or performing other duties); *Pizza Hut of Am., Inc. v. W. Gen. Ins. Co.,* 36 Ark.App. 16, 816 S.W.2d 638, 641 (1991) (holding that "the word 'fee' used in the . . . insurance policy is ambiguous"); *Cincinnati Ins. Co. v. W. Am. Ins. Co.,* 112 F.Supp.2d 718 (C.D.Ill.2000) (holding that the "for a fee" exclusion in the insurance policy was ambiguous and did not clearly apply to a mail delivery carrier's use of his private vehicle to deliver mail because the carrier was not paid a "fee" for delivering the mail but was paid a salary based on the round-trip mileage of his rural mail route and the number of delivery points on that route).

"should not be on what a customer paid for the pizza or what [the Pizzeria] charged or did not charge for the delivery. Rather, our focus should be on the benefit that accrued to [Sartno], who is the insured, for delivering the pizzas." *Prudential Prop. and Cas. Ins. Co. v. Sartno*, 874 A.2d 85, 89 (Pa.Super.2005).

Focusing on the "benefit that accrued to the driver," the majority creates a test that is not supported by the case law that it cites. Immediately following its articulation of the theory that the proper focus should be on the benefit inuring to the insured, the majority cites *Brosovic v. Nationwide Mut. Ins. Co.*, 841 A.2d 1071 (Pa.Super.2004). *Sartno*, 874 A.2d at 89. *Brosovic*, however, does not lend any support to the theory of the majority.

The majority acknowledges that "*Brosovic* is certainly distinguishable on the basis that the insured was working for a delivery service that charged its customers specific sums for each delivery. However, the insured was paid a wage regardless of the charges paid by the delivery service's customers." *Sartno*, 874 A.2d at 89. This distinction is critical and accounts for the different result in *Brosovic*, where the exclusionary provision was held to apply to a delivery van driver precisely because "[a] delivery van is certainly a vehicle used to carry property for a fee. It is of no consequence that the fee was paid to Appellant's employer rather than Appellant himself." *Brosovic*, 841 A.2d at 1074.

In his Dissenting Opinion in *Sartno*, Judge Johnson correctly concluded the following with regard to whether the wages that Sartno received from Pizzeria constituted a "fee:"

[t]he caselaw in this area is largely inapposite. *See, e.g., Brosovic v. Nationwide Mut. Ins. Co.*, 841 A.2d 1071 (Pa.Super.2004); *Ratush v. Nationwide Mut. Ins. Co.*, 422 Pa.Super. 389, 619 A.2d 733 (1992); *Rykill v. Franklin Fire Ins. Co.*, 80 Pa.Super. 492 (1923) (all involving either a document delivery or taxicab service for which customers paid a

specific transportation charge).[6]

*Sartno*, 874 A.2d at 91 (Johnson, J. dissenting).

We agree with Judge Johnson's analysis and resultant conclusion finding *Brosovic* inapposite because the holding in that case that the property was being carried for a fee arose from the fact that the company imposed a charge for the delivery. As Judge Johnson stated, nowhere in *Brosovic* did the Superior Court apply the test that the majority has crafted with respect to focusing on the benefit to the delivery driver. "[I]n fact, [in *Brosovic* ] we actually said that it does not matter who receives the financial benefit, or the delivery fee, **so long as one is charged.**" *Id.* at 92 (emphasis added).

The parties do not dispute that the Pizzeria did not charge for delivery, that Sartno was not paid on the basis of the number of deliveries he made, and that he received the same pay whether he was delivering pizzas continuously or whether he worked inside the Pizzeria performing his other duties during working hours.

The scenario here is the same as the one that the Ohio Supreme Court addressed in *Lightning Rod.* Whether or not Sartno carried property (pizzas) for a fee (his wages) depends on how we interpret the word "fee." It further depends on whether the "commercial environment" postulate of the Superior Court is a substitute for or tantamount to a "fee."

We find that there are at least two perspectives that are reasonable: (1) using a broad interpretation, Sartno did carry property for a fee because his deliveries occurred during the course of his employment, for which he received wages; or (2) under a narrower interpretation, Sartno did not carry property for a fee because there was no delivery charge. The

---

6: The panel majority did not refer to either *Ratush* or *Rykill.* However, as the trial court correctly noted, Prudential's reliance on those cases in the matter *sub judice* was not warranted because *Ratush* involved an insured taxi driver who was driving his taxi, and, in *Rykill,* the car of the insured was licensed by the city to carry passengers for a fee. "When one acquires a taxicab, it is expected that the vehicle's primary use is for the transportation of others (people) and their property and should be insured for that reason. The same cannot be said for Sartno's automobile." Trial Court Opinion at 7.

instant matter is a prime example of language in a policy that can be understood in more than way. Sartno prefers one interpretation; Prudential favors the other. Regardless of which one is "right" or "wrong," the fact is that because each interpretation is reasonable, the exclusionary term is ambiguous, and we must construe it in favor of the insured. "Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 735 A.2d 100, 106 (1999).

■ The insurance company is the drafter of the terms of the policies it issues to its insureds, and, "being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect." *U.S. Fid. & Guar. Co. v. Lightning Rod Mut. Ins. Co.,* 80 Ohio St.3d 584, 687 N.E.2d 717, 719 (1997) (internal quotation marks omitted). Prudential chose not to define the word "fee" in its policy. The determination of the Superior Court that the exclusionary clause applied to Sartno because he was using his car "in a commercial environment," *Sartno,* 874 A.2d at 90, is not supported by the policy itself, which does not include such a term. While Prudential was free to define "fee" in those terms, it did not do so.[7]

Although we base our holding on the ambiguity of the "for a fee" language in the exclusionary clause, we are also mindful of the many practical effects that could arise were we to adopt the view of Prudential in the matter *sub judice.*[8] Appellants

---

7. Appellants correctly note that "the insurance industry has already drafted a broader exclusion that Prudential could have used, but chose not to." Brief of Appellants at 15, citing *Canal Ins. Co. v. Underwriters at Lloyd's London,* 435 F.3d 431 (3d Cir.2006) (validating the denial of coverage by an insurance company pursuant to a broad "business use" exclusion in an insurance policy).

8. In her concurring opinion in *Lightning Rod,* Justice Resnick made a similar observation that in addition to the ambiguity rationale applied by courts in finding "for a fee" clauses not applicable to pizza delivery drivers, "many of the decisions, often without directly so stating, appear to be influenced by the practical implications that would accompany allowing the exclusion to operate." *Lightning Rod,* 687 N.E.2d at 720 (Resnick, J., concurring).

note the many potentially absurd results that could arise with a contrary holding. Coverage would be excluded for anyone carrying persons or property during the course of their employment, and Appellants describe the following examples: (1) an attorney taking a motion to the courthouse; (2) judges bringing briefs from the courthouse to their offices; (3) employees driving co-workers to seminars; and (4) teachers carrying exams home to grade.[9]

Prudential certainly would have been free to exclude the types of activities described above had it crafted an exclusionary clause that addressed those scenarios. However, in the instant case, it wrote an ambiguous clause susceptible of more than one meaning. As a result, we construe the clause in favor of the insured, and against the drafter of the policy. *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983). For that reason, we reverse the Order of the Superior Court and hold that the exclusionary clause is not applicable to Sartno.

Chief Justice CAPPY and Justices CASTILLE, SAYLOR, EAKIN and BAER join the opinion.

Justice BALDWIN did not participate in the consideration or decision of this case.

---

9. Brief of Appellants at 18.