### NATIONWIDE MUTUAL INSURANCE COMPANY

v.

### Rose BROPHY, Appellant.

### No. 09–2141.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 11, 2010.

Filed: March 16, 2010.

James C. Haggerty, Esq., Swartz Campbell, Philadelphia, PA, for Nationwide Mutual Insurance Company.

Ernest D. Disandro, Esq., Disandro & Malloy, Philadelphia, PA, for Appellant.

Before: SLOVITER, ROTH and TASHIMA *, Circuit Judges.

## OPINION OF THE COURT

TASHIMA, Circuit Judge.

Appellant Rose Brophy appeals the District Court's order denying Brophy's motion for summary judgment and granting summary judgment to Appellee Nationwide Mutual Insurance Co. ("Nationwide"). We will affirm.[1]

### I.

The following facts, as recited by the District Court, are undisputed. Brophy is a mail carrier for the United States Postal Service. On October 15, 2001, she was returning to the post office in her standard

---

* Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

mail delivery truck when she was in a collision with a vehicle driven by Mylene Sweeney. Brophy suffered serious injuries in the collision.

Brophy eventually settled with Sweeney for the limits of Sweeney's liability insurance policy. She then filed a claim with her insurer, Nationwide, seeking additional compensation through her underinsured motorist coverage. Nationwide denied Brophy's claim, citing her policy's exclusion of injuries incurred when "us[ing] ... any motor vehicle ... to carry persons or property for a fee." App. at 64.

In this action, Nationwide seeks a declaratory judgment that Brophy's injuries were not covered by her policy. Brophy first moved to remand the action to arbitration, which was denied. The parties then eventually filed cross-motions for summary judgment. The District Court denied Brophy's motion, granted Nationwide's, and entered judgment in Nationwide's favor.[2] (App. 3–15, 16.) Brophy timely appeals. (App. 1–2.)

## II.

We must decide the meaning and effect of Endorsement 2538 to the insurance policy between Brophy and Nationwide. That endorsement sets out Brophy's underinsured motorist coverage. Brophy contends that the District Court committed three errors in its interpretation of her policy. We address each of these contentions *seriatim.*

## A.

■ Endorsement 2538 excludes from Nationwide's underinsured motorist coverage the "[u]se of any motor vehicle by an insured to carry persons or property for a

fee." App. at 64. Brophy argues that this language is ambiguous and should therefore have been interpreted in her favor. *See Madison Constr. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 735 A.2d 100, 106 (1999). The District Court concluded, however, that the language unambiguously excluded Brophy's injuries from coverage. We agree with the District Court.

The language at issue here, or substantially similar language, has been the subject of numerous lawsuits throughout the United States. *See, e.g., Cincinnati Ins. Co. v. W. Am. Ins. Co.,* 112 F.Supp.2d 718, 721–22 (C.D.Ill.2000) (collecting cases). In the most factually analogous Pennsylvania case, the Superior Court held that this language excluded from coverage the injuries that a delivery truck driver incurred when he was in his delivery truck. *See Brosovic v. Nationwide Mut. Ins. Co.,* 841 A.2d 1071, 1073–74 (Pa.Super.Ct.2004). Given that the Supreme Court of Pennsylvania did not express any disagreement with *Brosovic* when presented with the opportunity, we find the analysis in *Brosovic* convincing. *See Prudential Prop. & Cas. Ins. Co. v. Sartno,* 588 Pa. 205, 903 A.2d 1170, 1176 (2006) ("A delivery van is certainly a vehicle used to carry property for a fee." (quoting *Brosovic,* 841 A.2d at 1074) (alteration omitted)); *see also Ratush v. Nationwide Mut. Ins. Co.,* 422 Pa.Super. 389, 619 A.2d 733, 733 (1992) (concluding that policy language excluded from coverage the injuries a taxi driver sustained while he was "driving to his home and had no intention of carrying persons for a fee").

Brophy's reliance on *Sartno* is misplaced. In that case, the Pennsylvania

---

**2.** We review the District Court's order resolving cross-motions for summary judgment *de novo. Startzell v. City of Phila.,* 533 F.3d 183, 192 (3d Cir.2008). Under Pennsylvania law, which the parties agree is applicable

here, "the interpretation of an insurance contract regarding the existence or non-existence of coverage is generally performed by the court." *Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.,* 562 F.3d 591, 595 (3d Cir.2009).

Supreme Court found a similarly worded provision ambiguous as applied to the employee of a pizzeria who, among other duties, occasionally used his personal vehicle to deliver pizzas. *Sartno,* 903 A.2d at 1171–73. The court concluded that a reasonable reading of the policy was that "Sartno did not carry property for a fee because there was no delivery charge." *Id.* at 1177; *see also id.* at 1175 (citing with approval an Ohio Supreme Court decision that a similar accident "would *not* be excluded by the policy, since neither [the pizzeria] nor its customers paid [the insured driver] a fee specifically for delivering the pizza" (emphasis in original)).

In this case, however, not only was Brophy operating a vehicle owned by her employer, but the primary purpose of that vehicle—indeed, the primary business of her employer—was the delivery of mail for a fee. Unlike in *Sartno,* there is no question that the post office's customers paid to have their mail collected, transported, and delivered. Under these circumstances, we see no ambiguity in the endorsement and conclude that Brophy used the mail truck to "carry property for a fee." *See id.* at 1174 ("[The determination whether contractual language is ambiguous] is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." (quoting *Madison Constr. Co.,* 735 A.2d at 106)).

### B.

We also reject Brophy's contention that this case falls within the ambit of the policy's arbitration clause. That clause provides for the arbitration of disputes "about the right to recover damages from the owner or driver of an underinsured motor vehicle or the amount of such damages." App. at 65. Brophy's policy also provided, however, that "[q]uestions between the injured party and [Nationwide] regarding whether the injured party is an insured under this coverage, or the limits of such coverage, are not subject to arbitration and shall be decided by a court of law." App. at 64.

■ In this case there is no dispute over Brophy's "right to recover damages" from Sweeney; indeed, she has already done so. Nor are the amount of such damages yet in dispute. Rather, the parties here disagree about whether Brophy may seek additional compensation from Nationwide. We have held that such preliminary coverage questions fall outside of similar arbitration clauses. *See Nationwide Mut. Ins. Co. v. Cosenza,* 258 F.3d 197, 204 (3d Cir.2001); *State Farm Mut. Auto. Ins. Co. v. Coviello,* 233 F.3d 710, 717–20 (3d Cir.2000). In light of the clear policy language, we see no reason to depart from these holdings.

### C.

■ Finally, Brophy argues that the District Court erred when it refused to consider evidence that Nationwide had clarified the language of the exclusionary clause at issue here after the accident in this case. Only where a contract's language is ambiguous, however, may a court consider extrinsic or parol evidence to determine the intent of the parties. *Ferrer v. Trs. of the Univ. of Pa.,* 573 Pa. 310, 825 A.2d 591, 608 (2002). Because the District Court correctly found that the contract's language was unambiguous as applied to the facts of this case, it did not err in refusing to consider the extrinsic evidence Brophy presented.

### III.

For the above-stated reasons, we will affirm the judgment of the District Court

granting summary judgment to Nation-wide.