**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2890
_____

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

v.

SCOTT LUCCHESI; COLLEGIATE SUBS, D/B/A Champs Sports Bar & Grill;
STEPHANIE L. KLETT; ZACHARY A. SPENCER; CLINTON BONSON

SCOTT LUCCHESI; COLLEGIATE SUBS,
                                        Appellants
_____

No. 12-2891
_____

STATE AUTO MUTUAL INSURANCE COMPANY

v.

SCOTT LUCCHESI; COLLEGIATE SUBS, D/B/A Champs Sports Bar & Grill;
STEPHANIE L. KLETT; ZACHARY A. SPENCER; CLINTON BONSON

STEPHANIE L. KLETT,
                                        Appellant
_____

No. 12-3009
_____

STATE AUTO MUTUAL INSURANCE COMPANY

v.

SCOTT LUCCHESI; COLLEGIATE SUBS, D/B/A Champs Sports Bar & Grill;
STEPHANIE L. KLETT; ZACHARY A. SPENCER; CLINTON BONSON

CLINTON BONSON,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 11-cv-00735)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2014
_____

Before: RENDELL, HARDIMAN and BARRY, <u>Circuit Judges</u>

(Opinion Filed: April 11, 2014)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

State Automobile Mutual Insurance Company ("State Auto") filed an action in the

U.S. District Court for the Middle District of Pennsylvania seeking a declaratory

judgment that it had no obligation to defend nor indemnify Collegiate Subs, Inc. d/b/a

Champs Sports Bar & Grill; its proprietor, Scott Lucchesi; and its former bartenders,

Stephanie Klett and Zachary Spencer (together, the "Champs Defendants"), against a tort

action filed by Clinton Bonson, a patron of Champs Sports Bar & Grill, who was hit by a

taxi after leaving the bar intoxicated.  The Court found that the liquor liability exclusion

contained in the State Auto policy barred coverage, and granted summary judgment.

Lucchesi, Collegiate Subs, Inc., Klett, and Bonson now appeal. We will affirm.

I

On the evening of October 24, 2009, Clinton Bonson had been drinking at Champs Sports Bar & Grill in State College, Pennsylvania. He left the bar on foot, and proceeded to cross North Atherton Street, a major thoroughfare in town. As he crossed, a speeding taxi hit him, and he was seriously injured. Bonson filed suit (the "Underlying Action") in the Court of Common Pleas of Centre County, Pennsylvania against the Champs Defendants, the taxi driver, and the driver's operating company.

As claimed-insureds of a commercial general liability policy issued by State Auto, the Champs Defendants submitted claims for defense and indemnification. State Auto began provisionally providing a defense, though it reserved its rights to deny coverage under the policy. On April 18, 2011, it filed the above-mentioned declaratory judgment action based on the policy's liquor liability exclusion.[1]

> In relevant part, the policy at issue provided that:
>
> [State Auto] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [State Auto] will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

---

[1] We note with some dismay that the only documents in the Appendix are the Notice of Appeal and the Opinion and Order of the District Court. We have had to retrieve the two essential documents on this appeal from the record before the District Court. This should not have been necessary.

3

*  *  *

**Exclusions**. . .

 c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

  (1) Causing or contributing to the intoxication of any person;

  (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

  (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Commercial Gen. Liab. Coverage Form of Policy No. PBP-9405827-14 at 1-2, attached as Ex. A to Dkt. No. 4 in 11-cv-735 (M.D. Pa.), pp. 15-29 ("CGL Form").

In the Underlying Action, Bonson alleged that the Champs Defendants were liable for his injury for two principal reasons: (1) by failing to cut off service, they caused and enhanced the degree of his intoxication, in violation of both principles of common-law negligence and Pennsylvania's Dram Shop Act, 47 Pa. Cons. Stat. Ann. § 4-492; and (2) they allowed him to leave the bar intoxicated, in violation of their common-law duty to monitor the premises for visibly intoxicated persons and undertake appropriate precautions to ensure their safety.

State Auto moved for summary judgment. The Champs Defendants (with the exception of Spencer, who never appeared) and Bonson cross-moved, arguing that the liquor liability exclusion did not apply to the claim that the Champs Defendants allowed

4

Bonson to leave the premises intoxicated, because that claim was premised on a failure to monitor Bonson, and not on the service of alcohol to him.

The District Court granted State Auto's motion, denied the cross-motions, and entered judgment for State Auto. The Court found "no support in law" for a duty to prevent a bar patron "from leaving the establishment while intoxicated" unless "the bar created the dangerous condition" by "having furnished [the patron] with alcohol while he was visibly intoxicated." (A13-14.) It therefore concluded that the two sets of claims were "inextricably intertwined," and that "the sole basis for the claims raised" in the Underlying Action was "the service of alcohol." (A12, 14-15.) It also rejected as unpersuasive Penn-Am. Ins. v. Peccadillos, 27 A.3d 259 (2011) (en banc), pet. for allowance of appeal denied, 613 Pa. 669 (2011), a case in which the Pennsylvania Superior Court held against an insurer under facts similar to those presented here.

This timely appeal followed.

## II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting summary judgment and apply the same standard as the district court. See Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). "Summary judgment shall be granted where no genuine dispute exists as to any material fact, and the moving party is entitled to judgment as a matter of law." Id.

## III

5

In determining State Auto's obligations under the policy, we must consider the duty to defend separately from the duty to indemnify.  See Erie Ins. Exch. v. Transamerica Ins. Co., 516 Pa. 574, 583 (1987) (the duty to defend "is a distinct obligation, separate and apart from the insurer's duty to provide coverage").  The insurer's "duty to defend is broader than the duty to indemnify," Kvaerner Metals Div. v. Commercial Union Ins. Co., 589 Pa. 317, 330 n.7 (2006), in that an insurer must "defend its insured if the factual allegations of the complaint on its face encompass an injury that . . . is potentially" within the scope of the policy.  Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 606 Pa. 584, 597, 609 (2010).  "[S]o long as the complaint filed by the injured party covered an injury which might or might not fall within the coverage of the policy[,] the insurance company [is] obliged to defend."  Casper v. Am. Guar. & Liab. Ins. Co., 408 Pa. 426, 429 (1962) (internal quotation marks omitted).

To determine whether a claim potentially falls within the scope of a policy, we compare "the four corners of the insurance contract to the four corners of the complaint." Jerry's Sport Ctr., Inc., 606 Pa. at 609.  In so doing, we interpret the policy as we would any other contract.  Thus, where the language of the policy is "clear and unambiguous," we are "required to give effect to that language."  Prudential Prop. & Cas. Ins. Co. v. Sartno, 588 Pa. 205, 212 (2006) (internal citation and quotation marks omitted).

We also accept as true the "factual allegations of the underlying complaint," Jerry's Sport Ctr., Inc., 606 Pa. at 610 (internal citation and quotation marks omitted), and "liberally construe[]" them to determine whether they assert a potentially covered

6

claim. Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999). If the complaint contains "multiple causes of action," one of which "would potentially constitute a claim within the scope of the policy's coverage," the insurer must defend the entire action until it can "confine the claim to a recovery excluded from the policy." Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 948 A.2d 834, 846 (Pa. Super. Ct. 2008) (internal citation and quotation marks omitted), aff'd, 606 Pa. 584 (2010); see Peccadillos, 27 A.3d at 267 (the "obligation to defend remains unless [an] exclusion clearly defeats every cause of action averred in the underlying complaint"). Finally, we resolve doubts regarding coverage "in favor of the insured." Frog, Switch & Mfg. Co., 193 F.3d at 746.

The language of the State Auto policy is unambiguous: there is no coverage for "damages" an insured becomes obligated to pay "because of" a "bodily injury . . . for which" the insured "may be held liable . . . by reason" of its "causing or contributing to the intoxication of any person," "furnishing of alcoholic beverages to a person . . . under the influence of alcohol," or violating a "statute . . . relating to the sale, gift, distribution, or use of alcoholic beverages." (CGL Form at 1-2.)

That language applies cleanly to the Complaint in this case and leaves no doubt that coverage is barred. Every claim asserted seeks damages for the "bodily injury" Bonson suffered when he was hit by the taxi. According to the Complaint, the Champs Defendants "may be held liable" for that injury "by reason" of their "causing [Bonson] to be intoxicated . . . at the time he attempted to cross the street," "continuing to serve"

7

Bonson "despite his visible intoxication," and "violating the statutes and laws of the Commonwealth of Pennsylvania, including, but not limited to" Pennsylvania's Dram Shop Act. See Compl. ¶¶ 43, 48, 52, attached as Ex. B to Dkt. No. 4 in 11-cv-735 (M.D. Pa.). No portion of that Complaint "encompass[es] an injury" that "even potentially" falls within the scope of the policy, and State Auto had no duty to defend. Jerry's Sport Ctr., Inc., 606 Pa. at 597, 609. It follows, therefore, that State Auto had no duty to indemnify. See Kvaerner at 330 n.7 ("[I]f [an insurer] does not have a duty to defend . . . neither does it have the duty to indemnify.").

The Champs Defendants concede that the liquor liability exclusion bars coverage of the claim that they served Bonson to excess. They insist, however, that the exclusion cannot bar coverage of the claim that they allowed Bonson to leave the premises intoxicated. But under the policy, if coverage of the former claim is excluded, so is coverage of the latter, as both claims seek "damages because of" the exact same "bodily injury." (CGL Form at 1.)

The Champs Defendants are quick to point out that, in theory, they could be held liable for allowing Bonson to leave the premises even if he had been intoxicated before he got there and stopped drinking once he arrived. We must, however, accept as true the allegations of the Complaint, which do not describe that version of the events. The Complaint unequivocally alleges that the Champs Defendants served Bonson to excess and are liable to him for that conduct.

We also reject the Champs Defendants reliance on Peccadillos, in which the

Pennsylvania Superior Court ordered an insurer to defend a lawsuit seeking to hold a bar accountable for a fatal drunk driving accident because it had served the driver to excess and ejected him from the premises knowing he would drive home drunk. The court, accepting the same reasoning advanced here by the Champs Defendants, held that the allegations regarding the bar's ejection of the driver could in theory have been raised "regardless of whether [the] provision of alcohol had actually contributed to the [driver's] intoxication." Peccadillos, 27 A.3d at 268.

The District Court "acknowledge[d] that Peccadillos is similar to the present action," but concluded that "the Pennsylvania Supreme Court would not adopt such a standard." (A11-12, 17 at n.7). We agree. Bedrock principles of Pennsylvania law require us to rely on the facts alleged in the underlying Complaint, and not on hypothetical scenarios that reach well beyond the Complaint's "four corners." Jerry's Sport Ctr., Inc., 606 Pa. at 609; see also, Gen. Acc. Ins. Co. of Am. v. Allen, 547 Pa. 693, 704 (1997) ("'[T]he obligation to defend an action brought against the insured is to be determined solely by the allegations of the complaint in the action.'") (alteration in original) (quoting Wilson v. Maryland Cas. Co., 377 Pa. 588, 594 (1954)). So, too, must we give effect to the clear and unambiguous language of the policy at issue here. As described in the Complaint, Bonson's injury is allegedly one for which the Champs Defendants "may be held liable . . . by reason" of serving him too much alcohol. (CGL Form at 1). Under the language of the policy, *all* claims seeking damages for that injury are excluded from coverage.

9

IV

We will affirm the order of the District Court.