**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EUGENE FALASCO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WILBERT F. O'DELL, III AND SUZANNE R. O'DELL | |
| Appellee | No. 401 MDA 2014 |

Appeal from the Judgment Entered January 30, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 99-07414

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.               **FILED NOVEMBER 13, 2014**

Appellant, Eugene Falasco, appeals from the judgment entered after a non-jury trial before the Honorable Paul M. Yatron, Court of Common Pleas of Berks County.  After careful review, we affirm.

On December 5, 1991, Falasco entered into a written installment contract to purchase approximately 20 acres of land from Appellees, Wilbert F. and Suzanne R. O'Dell.  Pursuant to the contract, Falasco received immediate possession of the property and paid an initial down payment of $1,000 of the $215,000 contract price to the O'Dells.  Falasco was required

---

[*] Retired Senior Judge assigned to the Superior Court.

to pay the balance of the contract price within 18 months, at which time the deed would be transferred to Falasco's name.

The parties agree that the intention of the contract was to allow Falasco to sub-divide and develop the property. The contract explicitly placed the liability for all expenses associated with sub-dividing and developing the property upon Falasco. Furthermore, the contract provided that in the case that Falsaco failed to pay the balance of the purchase price within 18 months, the O'Dells had

> [t]he right to terminate this agreement and to demand immediate possession of said premises upon thirty (30) days' written notice, and thereupon all rights and obligations under this agreement shall cease and terminate, and all payments made by [Falasco] shall be retained by [the O'Dells] as liquidated damages.

Installment Land Contract, 12/5/91, at ¶ 11.

It is undisputed that Falasco has never made any further payments on the installment agreement to the O'Dells. It is also undisputed that Falasco expended some amount of money on improvements to the property, although the O'Dells contend that the improvements did not increase the value of the property.

In 1999, the O'Dells discussed the status of the property with Falasco. While a new contract price for a smaller parcel of the property was discussed, it was not reduced to writing. On July 28, 1999, Wilbert O'Dell wrote to Falsaco, informing him that the property had been sold to a third party, and indicating that the purchasers had been told not to remove

anything from the premises until the purchase was finalized. According the agreement of sale with the third party, settlement was scheduled for November 22, 1999.

Falasco filed a *lis pendens* against the property, and on September 20, 1999, filed the instant complaint against the O'Dells, alleging breach of contract, unjust enrichment, and unfair trade practices.[1] The case finally proceeded to a bench trial on July 29, 2013, after which the trial court found in favor of the O'Dells on all three remaining counts. Falasco subsequently filed post-verdict motions, which the trial court denied. After judgment was entered, Falasco filed this timely appeal.

On appeal, Falasco argues that the trial court erred in finding in favor of the O'Dells on his claims for breach of contract and unjust enrichment. Our scope and standard of review of these claims is well-defined.

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. We will respect a trial court's findings with regard to the credibility and weight of the evidence unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence.

---

[1] Falasco later withdrew a fourth claim for specific performance.

***J.J. DeLuca Company, Inc. v. Toll Naval Associates***, 56 A.3d 402, 410 (Pa. Super. 2012) (quotation marks, formatting, and citations omitted).

Turning to the merits, the trial court found against Falasco on his breach of contract claim. Interpretation of a contract poses a question of law and our review is plenary. ***See Charles D. Stein Revocable Trust v. General Felt Industries, Inc.***, 749 A.2d 978, 980 (Pa. Super. 2000). "In construing a contract, the intention of the parties is paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." ***Id***. (citation omitted).

To give effect to the intent of the parties, we must start with the language used by the parties in the written contract. ***See Szymanski v. Brace***, 987 A.2d 717, 722 (Pa. Super. 2009). Generally, courts will not imply a contract that differs from the one to which the parties explicitly consented. ***See Kmart of Pennsylvania, L.P. v. M.D. Mall Associates, LLC***, 959 A.2d 939, 944 (Pa. Super. 2008). We are not to assume that the language of the contract was chosen carelessly or in ignorance of its meaning. ***See id***.

Where the language of the contract is clear and unambiguous, a court is required to give effect to that language. ***See Prudential Property and Casualty Ins. Co. v. Sartno***, 903 A.2d 1170, 1174 (Pa. 2006). Contractual language is ambiguous "if it is reasonably susceptible of different

constructions and capable of being understood in more than one sense." ***Hutchison v. Sunbeam Coal Co.***, 519 A.2d 385, 390 (Pa. 1986) (citation omitted).

As noted above, under paragraph 11 of the agreement, the O'Dells had the right to terminate the contract at any time after Falasco failed to pay the purchase price within 18 months. Falasco focuses on the O'Dells' failure to give him 30 days' notice prior to selling the property to a third party. However, a close reading of the contract reveals that Falasco misinterprets the notice requirement.

Paragraph 11 states that the O'Dells were entitled to terminate the agreement and demand immediate possession upon 30 days' written notice after Falasco breached the payment condition. There is no requirement that the O'Dells provide Falasco with an opportunity to cure. In fact, the contract provides that all of Falasco's rights under the contract ceased upon the provision of the notice. Thus, when the O'Dells provided written notice of the sale of the property to a third party, and informed Falasco that he had until the sale was consummated to remove his personalty from the property, the O'Dells complied with the terms of the contract.

Furthermore, the trial court found that Falasco's testimony regarding subsequent oral contracts with the O'Dells not credible. Falasco has failed to demonstrate on appeal that this credibility finding was manifestly erroneous,

arbitrary, capricious, or flagrantly contrary to the evidence. Thus, Falasco's first issue on appeal merits no relief.

Falasco also argues that the trial court erred in finding that he was not entitled to relief pursuant to unjust enrichment. Whether the doctrine of unjust enrichment applies depends on the unique factual circumstances of each case. *See Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995). A claim for unjust enrichment arises from a quasi-contract. *See Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa. Super. 2008). Quasi-contracts are to be distinguished from express contracts or contracts implied-in-fact as follows:

> A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched. The elements of unjust enrichment are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff. Where unjust enrichment is found, the law implies a quasi-contract which requires the defendant to pay to plaintiff the value of the benefit conferred. In other words, the defendant makes restitution to the plaintiff in *quantum meruit.*

*Lackner v. Glosser*, 892 A.2d 21, 33-34 (citations omitted).

In the present case, the trial court specifically found that Falasco failed to prove that the O'Dells were enriched through his efforts, or that any such enrichment was unjust. We need not reach the trial court's conclusion on proof of damages, as its conclusion that any such damages are not unjust under the circumstances is amply supported by the record. Falasco had admittedly enjoyed possession of the property for 20 years at the time of trial while only paying $1,000, or 1/215th of the purchase price, to the O'Dells during that time. We cannot conclude that the trial court's conclusion that any enrichment enjoyed by the O'Dells was not unjust is manifestly erroneous, arbitrary and capricious, or flagrantly contrary to the evidence. Falasco's final issue on appeal merits no relief.

As we conclude that neither of Falasco's issues on appeal merit relief, we affirm the judgment.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2014

- 7 -