**[J-3A-2020 and J-3B-2020] [MO:Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| KONRAD KURACH, | : | No. 12 EAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of Superior |
| | : | Court entered on August 24, 2018 at |
| | : | No. 1726 EDA 2017 (reargument |
| v. | : | denied October 10, 2018) reversing |
| | : | the Order entered on April 21, 2017 |
| | : | and remanding to the Court of |
| TRUCK INSURANCE EXCHANGE, | : | Common Pleas, Philadelphia |
| | : | County, Civil Division at No. 00339 |
| Appellee | : | July Term, 2015. |
| | : | |
| | : | ARGUED:  March 10, 2020 |
| | | |
| MARK WINTERSTEEN, INDIVIDUALLY | : | No. 13 EAP 2019 |
| AND ON BEHALF OF ALL OTHERS | : | |
| SIMILARLY SITUATED, | : | Appeal from the Order of Superior |
| | : | Court entered on August 24, 2018 at |
| Appellant | : | No. 1730 EDA 2017 (reargument |
| | : | denied October 10, 2018) reversing |
| | : | the Order entered on April 21, 2017 |
| v. | : | and remanding to the Court of |
| | : | Common Pleas, Philadelphia |
| | : | County, Civil Division at No. 03543 |
| TRUCK INSURANCE EXCHANGE, | : | July Term, 2015. |
| | : | |
| Appellee | : | ARGUED:  March 10, 2020 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                                        **DECIDED:  August 18, 2020**

I agree with the majority opinion, except with respect to its implication that the policy is entirely clear and unambiguous.  *See* Maj. Op. at 16-20.  Instead, I believe the inclusion of the language "unless the law of your state requires [general contractor] fees and charges be paid with the actual cash value settlement" in Section 5(e) of the

insurance contract creates an ambiguity. Truck Insurance Policy ("Policy") (Exhibit A to Wintersteen Amended Class Action Complaint, 10/2/15, at 35). More specifically, as well-expressed by the trial court,

> [o]n its face . . . the provisional language regarding state law is ambiguous. Does exclusion of [general contractor's overhead and profit] apply in Pennsylvania; what about New Jersey? *The idea that a lay purchaser of a homeowner insurance policy likely needs legal assistance to understand what he or she is paying for is troublesome.*

Trial Ct. Op., 4/21/17, at 12 (emphasis added); *see also id.* at 15 (concluding Section 5(e)'s state-law language is "contingent and ambiguous on its face").

As I agree with the trial court's rationale that Section 5(e) is ambiguous, the law requires the Policy to be construed in favor of Appellants as the insureds. *See Prudential Property & Casualty Insurance Company v. Sartno*, 903 A.2d 1170, 1174 (Pa. 2006) (requiring ambiguous policy provisions to be construed in favor of the insured and against the insurer). To this end, my views align with Part II of Justice Wecht's concurring and dissenting opinion. Accordingly, I respectfully dissent.

Justice Dougherty joins this concurring and dissenting opinion.