**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3248
_____

ZHAOJIN DAVID KE,
                                        Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY;
MICHAEL GUESS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01591)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2023

Before:  AMBRO, KRAUSE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Zhaojin Ke appeals the District Court's adverse judgment in this

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

case.  For the reasons discussed below, we will affirm the District Court's judgment.

After being involved in an accident that damaged his 2004 Odyssey van, Ke made a claim with his insurer, Liberty Mutual.  Ke's policy gave Liberty the option to pay either the "actual cash value" of the van or "[t]he amount necessary to repair or replace" it.  ECF No. 49 at 337.  "[B]ased on visible damage," the body shop estimated that repairs would cost $3,389.17, id. at 409, but there was a possibility—acknowledged both by the body shop, see id., and Ke, see id. at 465—that after beginning repairs, the mechanic might find additional damages requiring additional repairs (and cost).  Using an approved appraiser, CCC Information Services, Inc., Liberty Mutual valued Ke's van at $3,725.  See id.at 415.  Because the cost to repair the van approached the van's value and had the possibility to exceed it, Liberty Mutual decided to treat the van as a "total loss," and offered to pay Ke $3,613.04, which it calculated by using the $3,725 value, adding costs and fees, and subtracting Ke's deductible.  See id. at 464, 470.  Liberty Mutual also told Ke that he could take that payment and keep the van if he obtained a certificate of salvage from the Pennsylvania Department of Motor Vehicles.  See id. at 496.

Ke rejected the offer from Liberty Mutual, claiming that it was Liberty Mutual's job to repair the van.  He retrieved the van but did not obtain a certificate of salvage.  About two years later, he filed this action, asserting various state-law claims against Liberty Mutual and its adjustor, Michael Guess.  The District Court first dismissed several claims, including all claims against Guess, and then granted summary judgment to Liberty Mutual on Ke's remaining claims.  Ke sought reconsideration, which the District Court denied, and then appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal and summary judgment orders. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (dismissal). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree entirely with the District Court's thoughtful and comprehensive opinions, and here only briefly comment on Ke's arguments. First, Ke argues that Liberty Mutual breached its contract. No reasonable juror could so find. The contract gave it the option to pay either the "actual cash value" of the vehicle or the repair costs, and it opted for the former. That was permissible. See generally Prudential Prop. & Cas. Ins. Co. v. Sartno, 903 A.2d 1170, 1174 (Pa. 2006) (explaining that when "the language of the contract is clear and unambiguous, a court is required to give effect to that language" (quotation marks omitted)). Ke argues that the defendants were wrong to label his vehicle a "total loss" because it was still drivable. But Liberty Mutual used that description not in reference to the vehicle's condition but because the cost of repairs approached—and would potentially exceed—its value. See ECF No. 49 at 469–70; see also 31 Pa. Code § 62.3(e).

3

Next, Ke argues that the defendants acted in bad faith in violation of 42 Pa. Cons. Stat. § 8371. To make out a claim under this statute, Ke was required to show, by clear and convincing evidence, that Liberty Mutual (1) "had no reasonable basis for denying benefits under the policy" and (2) "knew or recklessly disregarded its lack of reasonable basis in denying the claim." Berg v. Nationwide Mut. Ins. Co., Inc., 235 A.3d 1223, 1232 (Pa. 2020) (quotation marks omitted). As we have just explained, Liberty Mutual was entitled to pay the actual cash value of the van. Ke argues that Liberty Mutual's bad faith was manifested through its failure to investigate the other driver who Ke alleges was at fault for the accident. However, because Ke's policy required Liberty Mutual to pay regardless of fault, see ECF No. 49 at 334, Liberty Mutual had a "reasonable basis" to forgo this investigation.

Ke also argues that the District Court erred in dismissing his claims against Guess, the insurance adjustor. However, for essentially the reasons discussed above, Ke failed to state a viable claim against Guess. Further, to the extent that he asserted a tort claim against Guess for Guess's alleged breach of a duty "created by the parties by the terms of their contract," the claims are barred by the gist-of-the-action doctrine. Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014).

Finally, Ke claims that Liberty Mutual violated the catchall provision of 73 Pa. Stat. and Cons. Stat. Ann. § 201-2(4)(xxi), which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." For this claim, Ke says that Jeffery Howard, a former Liberty Mutual salesperson, falsely promised him that Liberty Mutual would provide "full insurance" and

4

a "good repair."[1]  As the District Court concluded, even accepting Ke's memory that Howard made these statements, the statements are too vague and general to be actionable. See generally Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC, 194 A.3d 1010, 1023 (Pa. 2018); Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 945 (3d Cir. 1993).[2]

Accordingly, for these reasons and those discussed by the District Court, we will affirm the District Court's judgment.

---

[1] Ke also alleges that Liberty Mutual engaged in spoliation when it deleted all Howard's emails after he left the company.  We agree with the District Court that Ke did not show that Liberty Mutual acted in bad faith (as opposed to as a matter of routine with no bad intent).  See Bull v. United Parcel Serv., Inc., 665 F.3d 68, 79 (3d Cir. 2012).  Further, in both his complaint, see ECF No. 8 at ¶ 9, and in his deposition, see ECF No. 49 at 151, Ke alleged that Howard made the relevant statements in a telephone call, not by email.

[2] Ke further contends that the District Court erred by partially admitting Liberty Mutual's expert report.  But because the Court did not rely on the expert's report in granting summary judgment, any error would be harmless, and we need not address this issue. See generally Fed. R. Civ. P. 61; Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 328–29 (3d Cir. 2001).  Moreover, it is unclear whether Ke seeks to challenge the District Court's order denying his motion for reconsideration, but to the extent he does, we conclude that the Court did not err in denying that motion.