Jon BROSOVIC, Appellant,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 1, 2003.
Filed Jan. 20, 2004.

Robert E. Mielnicki, Pittsburgh, for appellant.

James C. Haggerty, Philadelphia, for appellee.

Before: JOYCE, BENDER and POPOVICH, JJ.

BENDER, J.

¶ 1 Jon Brosovic (Appellant) appeals from the order granting Nationwide Mutual Insurance Company's (Nationwide) preliminary objections and dismissing with prejudice Appellant's complaint against Nationwide. Appellant claims that the trial court erred in determining that an exclusion in the insurance contract between Appellant and Nationwide barred recovery for injuries that Appellant sustained while lifting a box in the back of a delivery van owned by his employer, Airborne Express. For the following reasons we affirm.

¶ 2 The facts of this case are not disputed and are as follows. In the course and scope of his employment as a delivery driver with Airborne Express, Appellant suffered a hernia while lifting a box in the back of his employer's van. Appellant then sought to recover for his injuries under his personal automobile insurance policy with Nationwide. In particular, Appellant sought to recover first party income-loss benefits in the amount of $5,000.

¶ 3 Nationwide denied Appellant's claim on the basis of the following exclusion:

> There is no coverage for use by an insured of any vehicle to carry persons or property for a fee. However, shared-expense car pools will not be considered carrying persons for a fee.

Reproduced Record (RR.) at 77a (hereinafter referred to as the "use for hire exclusion"). Consequently, Appellant brought an action against Nationwide claiming breach of contract and bad faith. Nationwide then filed preliminary objections claiming that Appellant was not entitled to benefits because of the use for hire exclusion, and requesting that the court dismiss the complaint with prejudice. The court sustained the preliminary objections and dismissed Appellant's complaint. Appellant then brought this appeal raising two questions for our review:

1. Whether the trial court erred when it granted Appellee's preliminary objections on the grounds that the applicability of the use for hire exclusion to Appellant's situation could be determined as a matter of law?

2. Whether the trial court erred when it dismissed Appellant's bad faith claim?

Brief for Appellant at 4.

¶ 4 Our standard for reviewing the trial court's ruling on Nationwide's

preliminary objections and dismissal of Appellant's case is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Clemleddy Const., Inc. v. Yorston,* 810 A.2d 693, 696 (Pa.Super.2002) (citations and quotation marks omitted).

¶ 5 In this case, the trial court determined that the language of the use for hire exclusion was unambiguous and that under the facts of this case there was no coverage for Appellant's claim because he sustained his injury while he was in a motor vehicle that was carrying property for a fee. Trial Court Opinion, 3/26/03, at 24. Contrarily, Appellant argues that the exclusion is ambiguous because it could be interpreted to mean that the exclusion would not apply if Appellant "himself did not directly receive a fee." Brief for Appellant at 11.

¶ 6 "When interpreting an insurance contract, words that are clear and unambiguous must be given their plain and ordinary meaning.... An ambiguity exists only when a policy provision is reasonably susceptible of more than one meaning." *Ryan Homes, Inc. v. Home Indem. Co.,* 436 Pa.Super. 342, 647 A.2d 939, 941 (1994). "Generally, courts should try to read policy provisions to avoid ambiguities, if possible, and not torture language to create them." *Weisman v. Green Tree Ins. Co.,* 447 Pa.Super. 549, 670 A.2d 160, 161 (1996).

¶ 7 In *Ratush v. Nationwide Mut. Ins. Co.,* 422 Pa.Super. 389, 619 A.2d 733 (1992), we addressed whether an exclusion identical to the one in the instant case applied to an insured who was driving a taxi. In addressing the insured's claim that the exclusion did not apply because he was not carrying any passengers at the time of the accident, we stated:

> Thus, in the instant case, the language of the policy was clear. A distinction was created between vehicles owned and operated privately, including vehicles used for car pooling purposes, and vehicles being used to carry passengers for hire. The vehicle being operated by appellant at the time of his accident was a taxicab whose purpose was to carry passengers for compensation. Applicability of the policy's exclusion did not vary according to whether the taxi was occupied or unoccupied at any given moment or according to whether its driver, at that time, did or did not intend to pick up passengers.

*Id.* at 734.

¶ 8 Likewise in this case, we conclude that the policy language was clear, and it cannot be reasonably interpreted as Appellant is espousing. Although Appellant's interpretation of the exclusion turns on whether he directly received a fee, there are no words in the exclusion that would support such an interpretation. The exclusion plainly addresses situations in which an insured is using a "vehicle to carry ... property for a fee." RR. at 77a. In this case, Appellant was working as a

delivery driver when he was injured in the back of his delivery van. A delivery van is certainly a vehicle used to carry property for a fee. It is of no consequence that the fee was paid to Appellant's employer rather than Appellant himself.

 ¶ 9 Nonetheless, Appellant also argues that "what makes said provision ambiguous is the practice of Appellee of paying benefits in situations identical to Appellant's in the past." Brief for Appellant at 11. However, "[w]hen the words of a contract are clear and unambiguous, the intent of the parties is to be discovered from the express language of the agreement." *Sabad v. Fessenden*, 825 A.2d 682, 687 (Pa.Super.2003). Thus, if the language is unambiguous, we do not consider extrinsic evidence. *See id.* As we have already concluded that the language of the use for hire exclusion in this case is unambiguous, Appellant's alleged extrinsic evidence is beyond the purview of our consideration. Consequently, we conclude that the trial court correctly determined that the use for hire exclusion barred any recovery by Appellant.

¶ 10 In the second question presented, Appellant claims that the trial court also erred in dismissing his bad faith claim. This claim is predicated on Nationwide's alleged bad faith in denying benefits to Appellant. Since we conclude that Nationwide properly denied Appellant's claim for benefits, there is no merit to this issue.

¶ 11 Order **AFFIRMED.**