J-A27022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

JAMIE L. BANCROFT, JAN MARIE : IN THE SUPERIOR COURT OF
DASIN BANCROFT, SUE HUTCHINS, : PENNSYLVANIA
EXECUTOR OF THE ESTATE OF :
THELMA CARNS, DECEASED, JACK R. :
CLUTTER, DEBBIE CLUTTER, PATRICIA :
A. CLUTTER, ROLAND L. CLUTTER, :
ELDON D. DAY, ROBERT EISIMINGER, :
CARRY M. HEADLEY, JASON K. :
HEADLEY, JOHN A. HILL, CAROL J. :
HILL, ELAINIE K. JACKSON, ROXINE L. :
MARSHALL, BILLY W. MARSHALL, :
BRANDY A. NEUENDORF, MICHAEL K. :
NEUENDORF, MARY A. STREBEL, ERMA :
J. THOMAS, ROBIN G. ZIROLL, :
:
Appellants :
:
v. :
:
CONSOL PENNSYLVANIA COAL :
COMPANY, :
:
Appellee : No. 21 WDA 2014

Appeal from the Order Entered December 20, 2013,
In the Court of Common Pleas of Washington County,
Civil Division, at No. 2013-634.

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 18, 2014**

Jamie Bancroft *et al.*, the heirs of Cora Rutan (the "Heirs"), appeal the

order sustaining the preliminary objections of Consol Pennsylvania Coal

Company ("Consol"). We affirm.

Cora Rutan inherited a one-half interest in the coal estate[1] beneath 141 acres, more or less, in East Findley Township, Washington County (the "Tract") from her mother, Birdie F. Finley, in November 1930. The remaining one-half interest in the coal estate was owned by Leonard Clark (one-quarter interest) and Maude Manon (one-quarter interest). A tax sale of the coal interest resulted in the Treasurer of Washington County issuing three Treasury Deeds on April 25, 1940, to the Washington County Commissioners, followed by a conveyance of the coal interest from the Washington County Commissioners to Charles E. Hackney ("Hackney"), Consol's predecessor in interest. Consol's Brief in Support of Preliminary Objections, 8/1/13, at Exhibits D and E. Because the Commissioners' deed did not include reference to the support estate associated with the Tract,

---

[1] Pennsylvania recognizes three discrete estates in land: the surface estate, the mineral estate, and the right to subjacent (surface) support. *Pennsylvania Services Corp. v. Texas Eastern Transmission, LP*, 98 A.3d 624, 629 (Pa. Super. 2014) (citing *Hetrick v. Apollo Gas Co.*, 608 A.2d 1074, 1077 (Pa. Super. 1992)). These estates are severable; therefore, different owners may hold title to separate and distinct estates in the same land. *Id.* "Where there is a separation of the minerals from the surface, the owner of the mineral estate owes a servitude of sufficient support to the superincumbent estate." *Id.* (quoting *Smith v. Glen Alden Coal Co.*, 32 A.2d 227, 235 (Pa. 1943)). This servitude of subjacent support is a separate estate in land and is referred to as the "third" estate. *Id.* While "[i]t is well established under Pennsylvania law that it is the owner of the surface land who has the proprietary right to support of the surface[,] ... [i]t is equally well settled that this right may be waived either expressly or by implication." *Consolidation Coal Co. v. White*, 875 A.2d 318, 327 (Pa. Super. 2005).

-2-

Hackney filed a quiet title action in November 1944 to determine who owned the support estate. Hackney documented service of process by the sheriff on the two in-county defendants, Leonard Clark and Maude Manon, and by certified mail/return receipt and publication on Cora Rutan, who lived out of county. The trial court issued a rule to show cause why title to the coal and support estates should not be quieted in favor of Hackney. Cora Rutan did not respond to the rule; therefore, judgment was entered against her.[2] The Washington County Commissioners then issued a second deed to Hackney, thereby formalizing his right to all title and interests in the coal and support estates associated with the Tract. *Id.* at Exhibit G.

Nearly seventy years later, the Heirs filed a complaint for declaratory judgment seeking an order declaring that they own the right of support associated with the Tract. Consol filed preliminary objections in the nature of a demurrer, claiming that the Heirs "are not entitled to the relief sought in the Complaint as a matter of law because the right of support previously was conveyed and quieted in the name of [Hackney, Consol's] predecessor in title." Preliminary Objections, 4/1/13, at § 11.

Relying on Cora Rutan's failure to answer the rule, the trial court sustained Consol's preliminary objections and dismissed the Heirs'

_____

[2] At oral argument before this panel, the Heirs abandoned their position that Cora Rutan did not receive notice of the quiet title action.

complaint. This appeal followed, in which the Heirs present the following questions:

> Should the trial court have granted [Consol's] demurrer and dismissed the complaint?
>
> 1. Can the trial court conclude that the treasurer deeds conveyed the right of support based on the public records?
>
> 2. Can the trial court conclude that the quiet title action filed at 181 November Term, 1945 AD validly established title in Charles E. Hackney?
>
> 3. Can the trial court conclude that the tax sale included the support estate?

The Heirs' Brief at 2–3.

"[A]n order granting preliminary objections in the nature of a demurrer is a final order and is, therefore, appealable to this Court immediately." *D'Elia v. Folino*, 933 A.2d 117, 121 (Pa. Super. 2007). Our standard of review of a trial court's order granting preliminary objections in the nature of a demurrer is *de novo* and our scope of review is plenary. *Krajewski v. Gusoff*, 53 A.3d 793, 802 (Pa. Super. 2012).

> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections.

Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

**Swisher v. Pitz**, 868 A.2d 1228, 1230 (Pa. Super. 2005) (citation omitted). "The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven." **Brosovic v. Nationwide Mutual Insurance Co.**, 841 A.2d 1071, 1073 (Pa. Super. 2004) (citation omitted).

We consider the Heirs' second issue dispositive of this appeal. Upon review of that issue, we discern no basis for disturbing the trial court's order.

The Heirs initiated this action, seeking a declaration of their right to the support estate, because they claim the tax deeds—which were silent as to the support estate—did not convey the right of support. Therefore, the Heirs contend, all subsequent actions premised on the initial tax sale were invalid as to a conveyance of title to the support estate. The Heirs' Brief at 10–12; N.T., 12/17/13, at 10–15. Consol, however, argues that the Heirs are barred from attacking its title by reason of Hackney's post tax-sale action to quiet title. Consol's Brief at 11–13; N.T., 12/17/13, at 5, 8–9. We agree with Consol. Consol proffers that a rule absolute is a final judgment from which an appeal lies and that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Consol's Brief at 12 (citing **Notley's Petition**, 106 A. 716 (Pa. 1919), and Pa.R.A.P. 903(a), respectively).

-5-

Here, following the tax sale and the Commissioner's conveyance to Hackney, Hackney filed an action to quiet title to the coal and support estates associated with the Tract. The trial court issued a rule requiring Cora Rutan to take action within thirty days. Cora Rutan received notice of the rule, but she did not challenge Hackney's claims within the thirty-day period. Therefore, the trial court made the rule absolute:

> …and it further appearing that no one has appeared or answered the said rule; it is ORDERED AND DECREED that the rule issued on the 9th day of October, 1945 is hereby made absolute as to all persons named in the said rule, **and generally upon all other persons who have or claim to have any right, title interest in, or claim against the said described land**; and it is further ORDERED AND DECREED that hereafter all rights and claims of those persons with respect to the said described land shall be **totally barred**, and **any deficiency or defects whereby the land was acquired at the Treasurer's sale and the Commissioner's sale**, from the filing of the claim or lien up to and including the actual sale and delivery of the deed to such land **shall not hereafter be asserted**, and **the title of the petitioner, Charles E. Hackney, shall be and is hereby adjudicated and decreed valid and indefeasible as against all such persons with respect to all such claims**.

Final Decree, 1/21/46 (emphasis supplied). This procedure was compliant with the rules of court. *See* Pa.R.C.P. 1066(b)(1) ("Upon granting relief to the plaintiff, the court (1) shall order that the defendant be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiff set forth in the complaint, unless the defendant takes such action as the order directs within thirty days thereafter.").

Based on the foregoing, we conclude the Heirs' are barred from contesting Consol's title to the support estate. The claims they now raise could have—and should have—been presented in response to Hackney's quiet title action. However, Cora Rutan failed to appear or answer the rule issued in Hackney's quiet title action, and she did not appeal from the order making the rule absolute. *See* Pa.R.A.P. 903 ("[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, we further conclude the trial court did not err in sustaining Consol's demurrer because the Heirs' claims would not permit recovery even if ultimately proven. *Brosovic*, 841 A.2d at 1073.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014