J-A14039-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DAVID SOISSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUFUS GREEN, IV | : | No. 1621 WDA 2019 |

Appeal from the Order Entered October 3, 2019
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  3872 of 2019

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　FILED DECEMBER 24, 2020

David Soisson ("Soisson") appeals from the Order sustaining the Preliminary Objections filed by Rufus Green, IV ("Green"), and dismissing Soisson's Complaint, without prejudice.[1]  We affirm.

This matter stems from a motor vehicle collision that occurred in Westmoreland County, Pennsylvania, on May 19, 2015.  In that collision, Soisson's vehicle rear-ended a truck, operated by Green, which was stopped

_____

[1] Typically, an order dismissing a complaint without prejudice is considered interlocutory.  Mier v. Stewart, 683 A.2d 930, 930 (Pa. Super. 1996). However, "if the practical consequence of the order by the trial court is effectively to put an appellant 'out of court' the order will be treated as final [pursuant to Pa.R.A.P. 341]."  Gordon v. Gordon, 439 A.2d 683, 686 (Pa. Super. 1981) (en banc).  Here, the trial court's dismissal of Soisson's Complaint had the same practical effect as a final order, as the trial court recognized that Soisson could not continue to pursue his claim and make additional efforts to serve Green.  See Trial Court Opinion, 12/10/19, at 6. Accordingly, this Court has jurisdiction to hear Soisson's appeal.  See Gordon, supra.

in the roadway.  On March 21, 2017, Soisson filed a Complaint in the Allegheny County Court of Common Pleas, alleging that Green had negligently caused the collision.

Soisson's Complaint listed Green's address at a location on Youngridge Drive, Pittsburgh, Pennsylvania (the "Youngridge Drive Address"), which was the same address listed for Green in the police collision report.  Soisson attempted to serve Green by forwarding the Complaint to the Allegheny County Sheriff's Office.  On April 20, 2017, the Sheriff's Office notified Soisson that service was unsuccessful, and noted that the "wrong ward" was listed on the service request.[2]  On August 17, 2017, and September 13, 2017, Soisson filed Praecipes to reinstate his Complaint, and forwarded the reinstated Complaint, now containing the correct ward, to the Sheriff's Office for service.  On October 5, 2017, the Sheriff's Office informed Soisson that it could not effectuate service, as Green's apartment number was not listed on the Complaint, and Green's name did not appear on any of the mailboxes at the Youngridge Drive Address.  On October 27, 2017, Soisson filed a third Praecipe to reinstate his Complaint.  Soisson forwarded what he believed was Green's apartment number at the Youngridge Drive Address and the reinstated Complaint to the Sheriff's Office.  On November 15, 2017, the Sheriff's Office attempted service, which was again unsuccessful.

---

[2] While Youngridge Drive possesses a Pittsburgh, Pennsylvania mailing address, it is actually located in Baldwin Borough, Allegheny County.

On February 28, 2018, Soisson filed a fourth Praecipe to reinstate his Complaint. Soisson retained a private process server to serve Green at an address in District Heights, Maryland (the "Maryland Address"). On March 27, 2017, Soisson filed an Affidavit of service, wherein the process server averred that he effectuated service of the Complaint on "Rick Greene," on March 9, 2018. On November 5, 2018, Soisson reinstated his Complaint for a fifth time, and again asked the Sheriff's Office to attempt service at the Youngridge Drive Address. On November 30, 2018, the Sheriff's Office notified Soisson that service was ineffective.

On March 13, 2019, Green, after apparently learning of Soisson's lawsuit, filed Preliminary Objections alleging that he had not been served; the trial court lacked jurisdiction because Soisson had failed to serve him within the statute of limitations; and venue in Allegheny County was improper because the automobile collision occurred in Westmoreland County. Soisson filed a Response to Green's Preliminary Objections. On June 17, 2019, after a hearing, the matter was transferred to the Westmoreland County Court of Common Pleas. The court did not rule on the remainder of Green's Preliminary Objections.

On September 26, 2019, the Westmoreland County Court of Common Pleas heard argument on Green's Preliminary Objections. At argument, Soisson presented the Affidavit from his private process server, and Green presented Affidavits from Green and Green's father, Rufus Green, III

("Father"). In his Affidavit, Green averred that he lived in Prince George's County, Maryland; he lived at the Youngridge Drive Address at the time of the collision, but had moved several months after the accident to Maryland; he does not and has never lived at the Maryland Address; Father is not named "Rick Greene;" and he did not learn of Soisson's lawsuit until April 2019. Father averred that he lived in Upper Marlboro, Maryland; he neither lived at the Maryland Address then, nor when the Complaint was served by Soisson's private server in March 2018; he does not use the name "Rick;" Green did not reside with Father and has not resided with Father for at least fifteen years; and, at no time has he ever been served with any papers regarding the lawsuit. After the Affidavits were received, the trial court asked Soisson if he wished to proceed on the evidence, or if he wanted the opportunity to review Green's Affidavits and continue the hearing. Soisson elected to proceed that day.

On October 2, 2019, the trial court entered an Order sustaining Green's Preliminary Objections on the grounds that Soisson had failed to effectuate proper service on Green, and dismissed Soisson's Complaint, without prejudice. Soisson filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Soisson raises the following issues for our review:

1. Did [Soisson]'s diligent service efforts, including seven service attempts, show a good-faith effort to serve [Green]?

2. Was it improper to dismiss the case because of defective service?

3. Did [Green] fail to meet his initial burden of presenting evidence to support his jurisdictional objection by engaging in dilatory conduct?

4. Did the trial court err in relying on [A]ffidavits to resolve the disputed issue of service and dismiss the case?

5. Did [Green] waive his argument that [Soisson] failed to toll the statute of limitations by relying on the wrong legal standard and ignoring issues material to the correct legal standard?

6. Are the trial court's findings on intentional delay, notice, and prejudice dicta[,] since the trial court rendered its findings after it declared that jurisdiction was lacking?

Brief for Appellant at 5 (renumbered).

Our standard of review of an order sustaining preliminary objections is well settled.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

Brosovic v. Nationwide Mut. Ins., 841 A.2d 1071, 1073 (Pa. Super. 2004) (citation omitted). "It is not an abuse of the trial court's discretion to enforce the rules of civil procedure, even when the result has a serious adverse effect

on the party violating the rules[.]" Paden v. Baker Concrete Const., 658 A.2d 341, 344 (Pa. 1995).

We will address Soisson's first two arguments together, as they are related. Initially, Soisson argues that his efforts to serve Green were sufficient to survive the good-faith test. Brief for Appellant at 31. Soisson depicts his efforts to serve Green at the Youngridge Drive Address and the Maryland Address as undertaken in good faith, and reasonable under the circumstances. Id. at 32-33. According to Soisson, the trial court erroneously focused on when Soisson reinstated his Complaint, rather than the measures that Soisson undertook to confirm Green's address, correct incorrect information, and communicate with the Sheriff's Office. Id. at 34. Soisson claims that these affirmative steps "show diligence, not an intent to stall litigation." Id. Finally, Soisson argues that his efforts to serve Green were reasonable and undertaken in good faith, relying on our Supreme Court's decision in McCreesh v. City of Phila., 888 A.2d 664 (Pa. 2005). Brief for Appellant at 32-34.

Soisson also argues that the trial court should have set aside the service, rather than dismissing his Complaint without prejudice. Id. at 19-20. Further, because the trial court dismissed Soisson's Complaint, he claims that he was unable to obtain discovery materials from Green, which, he argues, may have given him information to attack Green's statute of limitations defense. Id. at 20.

Pennsylvania Rule of Civil Procedure 1007 provides that "[a]n action may be commenced by filing with the prothonotary (a) a praecipe for a writ of summons, or (b) a complaint." Pa.R.C.P. 1007. Rule 401 dictates the period within which service is to be made:

> (a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.
>
> (b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule ..., the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.
>
> (2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.
>
> * * *
>
> (4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.
>
> (5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa.R.C.P. 401 (note omitted).[3]

In Lamp v. Heyman, 366 A.2d 882 (Pa. 1976), the Pennsylvania Supreme Court sought to end abuses by plaintiffs who had tolled the statute of limitations by having original process repeatedly reissued without notifying the defendant of pending litigation. The Lamp Court explained that

> [o]ur purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations. Accordingly, … we rule that henceforth, … a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

Id. at 889. Subsequently, in Farinacci v. Beaver Cty. Ind. Dev. Auth., 511 A.2d 757 (Pa. 1986), the Supreme Court interpreted the rule set forth in Lamp, and concluded that "Lamp requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." Id. at 759; see also Englert v. Fazio Mech. Servs., Inc., 932 A.2d 122, 124 (Pa. Super. 2007) (stating that "[o]nce an action is commenced by writ of summons or complaint[,] the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service.").

> "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." [Moses v. T.N.T.

---

[3] Pennsylvania Rule of Civil Procedure 404(a) provides that process shall be served within ninety days of the filing of the Complaint when served outside of the Commonwealth. In this case, Soisson originally attempted to serve Green within the Commonwealth, but only later attempted to serve Green outside of the Commonwealth.

- 8 -

Red Star Express, 725 A.2d 792, 796 (Pa. Super. 1999)];
Devine v. Hutt, 863 A.2d 1160, 1168 (Pa. Super. 2004) (citations
omitted). "[W]here noncompliance with Lamp is alleged, the
court must determine in its sound discretion whether a good-faith
effort to effectuate notice was made." Farinacci[, 511 A.2d at
759].

In making such a determination, we have explained:

> It is not necessary [that] the plaintiff's conduct be
> such that it constitutes some bad faith act or overt
> attempt to delay before the rule of Lamp will apply.
> Simple neglect and mistake to fulfill the responsibility
> to see that the requirements for service are carried
> out may be sufficient to bring the rule in Lamp to
> bear. Thus, conduct that is unintentional that works
> to delay the defendant's notice of the action may
> constitute a lack of good faith on the part of the
> plaintiff.

Devine, [863 A.2d at 1168 (citation omitted)].

Englert, 932 A.2d at 124-25. Additionally, the plaintiff bears the burden of

demonstrating that he made reasonable efforts to notify the defendant. See

Devine, 863 A.2d at 1168.

In McCreesh, our Supreme Court clarified "what constitutes a good

faith effort by a plaintiff to effectuate notice to a defendant of the

commencement of an action." McCreesh, 888 A.2d at 665.

> The [McCreesh] Court reviewed the rules set forth in Lamp and
> Farinacci as well as the appellate decisions which followed. It
> also reiterated the well-established principle that the "purpose of
> any statute of limitations is to expedite litigation and thus
> discourage delay and the presentation of stale claims which may
> greatly prejudice the defense of such claims." [Id. at 671]
> (citation omitted). The Court further observed that, "once the
> action has been commenced, the defendant must be provided
> notice of the action in order for the purpose of the statutes of
> limitations to be fulfilled." [Id.] It quoted Lamp's holding that
> "a writ of summons shall remain effective to commence an action

only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." [Id. at 672 (quoting Lamp, 366 A.2d at 889)]. The Court also noted that it had "subtly altered" its holding in Lamp in Farinacci by "requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'" [McCreesh, 888 A.2d at 672 (quoting Farinacci, 511 A.2d at 759)]. The inquiry into "whether a plaintiff acted in good faith lies within the sound discretion of the trial court." [McCreesh, 888 A.2d at 672]. The McCreesh Court explained that it was "merely reanimating the purpose" of Lamp, and it approved of an approach which would dismiss a plaintiff's complaint where he or she either "demonstrated an intent to stall the judicial machinery" or where his or her noncompliance with the procedural rules resulted in prejudice. [Id. at 674]. In other words, the Court concluded that where a plaintiff "has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice," noncompliance with the Rules would be excused under Lamp. [Id.]

Englert, 932 A.2d at 125-26.

Here, the trial court found that Soisson failed to demonstrate that he had acted in good faith to effectuate timely service on Green. Trial Court Opinion, 12/10/19, at 3-6. The record supports the trial court's determination.

The record reflects that the collision giving rise to this action occurred on May 19, 2015. Soisson filed his Complaint on March 21, 2017, approximately two months before the statute of limitations expired. See 42 Pa.C.S.A. § 5524(2) (stating that the statute of limitations for a negligence cause of action is two years). After several unsuccessful attempts at service, Soisson claimed that he served Green on March 9, 2018, nearly one year after the initial filing of the Complaint. However, the trial court concluded that

Soisson had failed to demonstrate that his efforts were reasonable, due to the delays between discovering that service did not occur and the reinstatement of the Complaint; the fact that Soisson repeatedly attempted to serve Green at the Youngridge Drive Address, at which service had already failed, and despite notes from the Sheriff's Office that none of the names on the mailbox matched Green's name; and Soisson's failure to request a hearing or continuance to develop a factual record regarding the delays. Trial Court Opinion, 12/10/19, at 4-6. The trial court pointed to Soisson's decision to file the initial Complaint only shortly before the statute of limitations expired, combined with Soisson's failure to act within those time constraints, as further evidence that he failed to satisfy his burden. Id. at 4.

In light of the foregoing, we discern no abuse of the trial court's discretion in determining that Soisson failed to demonstrate a good faith effort to effectuate timely service and establish a reasonable basis for that failure. Englert, supra. Accordingly, while we do not observe any intentional conduct by Soisson to delay or prevent service on Green, simple mistake or neglect are sufficient to conclude that Soisson engaged in a course of conduct that

stalled the legal process. Bigansky, supra.[4]

We also discern no error in the trial court's decision to dismiss Soisson's Complaint without prejudice. As our Supreme Court stated in McCreesh, dismissal is appropriate in "only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." McCreesh, 888 A.2d at 674. Because the trial court determined, in its discretion, that Soisson's failure to properly serve Green evidenced an intent to stall the judicial machinery, and that the service defects prejudiced Green, the trial court did not err in dismissing Soisson's Complaint without prejudice. See Trial Court Opinion, 12/10/19, at 5-6; McCreesh, supra.

In his next issue, Soisson argues that Green failed to present competent evidence to support his Preliminary Objections. Brief for Appellant at 21. Soisson claims that Green failed to properly attach a verification or sworn affidavit to his Preliminary Objections, and as a result, he failed to satisfy his

_____

[4] We note that our Supreme Court's rule in McCreesh does not apply, as McCreesh only forgives a plaintiff's good faith technical defects when the defendant otherwise has actual notice of the action. See McCreesh, 888 A.2d at 674 (stating, "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice."). Absent actual notice to Green, McCreesh has no applicability to Soisson's argument, and does not save Soisson from the service defects at issue. See id. Further, while the McCreesh Court indicated that there may be an exception to the actual notice requirement as long as prejudice did not result, our Supreme Court chose not to delineate such an exception. Id. at 674 n.20.

initial burden as the moving party.  Id. at 22.  Further, Soisson asserts that Green "concealed the evidence of two [A]ffidavits ... for three months, only to surprise [Soisson] at argument."  Id. at 23.  Accordingly, Soisson claims that the trial court improperly shifted the burden onto Soisson to rebut Green's unverified allegations.  Id.

Our review of the record confirms that Soisson failed to properly preserve this issue before the trial court and, instead, raised this issue for the first time on appeal.  At the September 26, 2019, hearing, Soisson objected to the Affidavit of Green, on the basis that the Affidavit failed to list Green's address, and not because the Affidavits were improperly verified.  N.T., 9/26/19, at 8-10.[5]  Accordingly, Soisson's argument that Green presented insufficient Affidavits on the basis that they included insufficient verification is waived.  See Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[6]  Further, we note that, to the extent Soisson argues that Green's Preliminary Objections were not properly verified, such an argument is waived, as Soisson failed to raise such an objection either in his Response to Green's Preliminary

_____

[5] We note that Soisson did not object to the introduction of the Affidavit of Father at the hearing.  N.T., 9/26/19, at 8-10.

[6] The trial court offered Soisson a continuance to review the sufficiency of Green's Affidavits, or an evidentiary hearing to evaluate the same, and Soisson elected to proceed with the hearing.  N.T., 9/26/19, at 11.

Objections, or in a preliminary objection to Green's Preliminary Objections. See Response to Defendant's Preliminary Objections, 4/23/19, at 1-5 (unnumbered);[7] see also Pa.R.A.P. 1032(a) (stating that "a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply[.]").

Soisson raises three additional arguments, none of which were preserved in his Pa.R.A.P. 1925(b) Concise Statement. In his fourth issue, Soisson argues that the trial court improperly relied on Green's Affidavits in making its determination to dismiss Soisson's Complaint. Brief for Appellant at 23-25. In his fifth issue, Soisson asserts that the trial court violated the long-standing rule in Nanty-Glo Borough v. Am. Surety Co., 163 A. 523 (Pa. 1932), or Pa.R.C.P. 1028, when it relied on Green's Affidavits to resolve the issues of service and jurisdiction. Brief for Appellant at 26-30. In his sixth issue, Soisson claims that the trial court's factual findings regarding Soisson's delay of service, Green's actual notice, and Green's prejudice were dicta, and are not binding to this Court on appeal. Id. at 30-31.

Our courts have consistently ruled that when a trial court directs a party to file a Pa.R.A.P. 1925(b) concise statement, any issues not raised in that

_____

[7] Soisson's Response to Green's Preliminary Objections is not included in the certified record. However, there is a copy of it in the reproduced record. See R.R. 39a-43a. Neither party has objected to the accuracy of the reproduced record. Therefore, we consider the copy in the reproduced record. See Commonwealth v. Brown, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

statement are waived. Commonwealth v. Bullock, 948 A.2d 818, 823 (Pa. Super. 2008) (citing Commonwealth v. Lord, 719 A.2d 306, 308 (Pa. 1998)); see also Commonwealth v. Oliver, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that Lord "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").

In his Pa.R.A.P. 1925(b) Concise Statement, Soisson preserved the following claims for our review:

> I. Whether the [t]rial [c]ourt erred by dismissing the [C]omplaint due to defective service even though [Green] did not dispute that he had actual notice of the lawsuit.
>
> II. Whether the [t]rial [c]ourt erred by dismissing the [C]omplaint due to defective service even though [Green] did not claim any prejudice by the alleged defective service.
>
> III. Whether the [t]rial [c]ourt erred by dismissing the [C]omplaint due to defective service even though there was no evidence or argument presented by [Green] that [Soisson] intended to stall the judicial machinery.
>
> IV. Whether the [t]rial [c]ourt erred in considering two [A]ffidavits that [Green] withheld from [Soisson] for four months and three months, respectively, and introduced into evidence on the day of the hearing.
>
> V. Whether the [trial c]ourt erred in failing to consider [Soisson]'s good-faith reliance on an [A]ffidavit of service executed by a certified process server.

Pa.R.A.P. 1925(b) Statement, 11/25/19, at 1-2 (unnumbered).

Thus, Soisson failed to preserve his fourth, fifth and sixth issues in his Concise Statement. Accordingly, these arguments are waived. See Lord, 719 A.2d at 309 (stating that "[a]ppellants must comply whenever the trial

court orders them to file a [Pa.R.A.P. 1925(b) concise statement.] Any issues not raised in a 1925(b) statement will be deemed waived."); see also Pa.R.A.P. 1925(b)(4)(vii).

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn, Esq.*
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2020